**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANTONIO MCDOWELL, | |
| Plaintiff, | No. 13 C 3375 |
| v. | Judge Thomas M. Durkin |
| RANDY PFISTER, in his official capacity; MARCUS HARDY; SALVADORE A. GODINEZ; DR. LOUIS SHICKER; AND TARRY WILLIAMS, | |
| Defendants. | |

### MEMORANDUM OPINION AND ORDER

Antonio McDowell is an inmate in the custody of the Illinois Department of
Corrections ("IDOC") at Stateville Correctional Center in Illinois. He alleges that
IDOC staff were deliberately indifferent to his dental needs in violation of the
Eighth Amendment. R. 26. Specifically, McDowell has sued Stateville's former
Warden, Marcus Hardy; Stateville's former Warden, Tarry Williams; former IDOC
Director, Salvadore Godinez; and former IDOC Medical Director, Dr. Louis Shicker,
and alleges that they are responsible for the IDOC's policy against performing root
canals on posterior teeth (i.e., molars). *See id.* Defendants have moved for summary
judgment. R. 72. For the following reasons, Defendants' motion is granted.

### Legal Standard

Summary judgment is appropriate "if the movant shows that there is no
genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court considers the entire evidentiary record and must view all of the evidence and draw all reasonable inferences from that evidence in the light most favorable to the nonmovant. *Ball v. Kotter*, 723 F.3d 813, 821 (7th Cir. 2013). To defeat summary judgment, a nonmovant must produce more than "a mere scintilla of evidence" and come forward with "specific facts showing that there is a genuine issue for trial." *Harris N.A. v. Hershey*, 711 F.3d 794, 798 (7th Cir. 2013). Ultimately, summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## Background

In 2012, McDowell experienced pain and decay in two of his molars (## 13 and 14). He filed grievances seeking a dental examination and sent a letter to Warden Hardy in March 2012. *See* R. 26-1 at 1-2. He was examined by Dr. Kenneth Brooks, D.D.S., on September 12 and 26, 2012, and provided with pain management treatment. R. 82 ¶ 16.

McDowell continued to experience tooth pain and decay. He submitted a grievance on October 1, 2012, *see* R. 26-1 at 3, and sent a letter to Warden Hardy on October 7, 2012, *see id.* at 4, but he does not know whether Warden Hardy received the letter. R. 82 ¶ 23. McDowell submitted a dental treatment request on November 1, 2012. *Id.* ¶ 24.

McDowell was seen by a dentist on November 20, 2012, who recommended extraction of tooth #14, which McDowell refused. *Id.* ¶¶ 25-26. McDowell saw Dr. Brooks again on March 8, 2013, who also recommended that tooth #14 be extracted, which McDowell again refused because he wanted a root canal instead. *Id.* ¶ 30.

Extraction of tooth #13 was also recommended at dental visits on July 17, 2013, and August 2, 2013. *Id.* ¶¶ 31-32. McDowell eventually consented to extraction of tooth #13 on September 20, 2013. *Id.* ¶ 36. McDowell testified that the extraction relieved his pain. R. 74-2 at 28 (103:17-19).

At some point thereafter, McDowell again began experiencing pain in tooth #14. On July 9, 2014, he had an appointment with a dentist who recommended extraction of tooth #14 even though it was "asymptomatic." R. 82 ¶¶ 38-39. McDowell refused extraction. *Id.* ¶ 40.

On August 7, 2014, an IDOC grievance officer filed a report regarding McDowell's grievance seeking a root canal rather than extraction of tooth #14. R. 81-3. The grievance officer denied McDowell's grievance because "root canals are performed on the front teeth and canine teeth *only* per IDOC policy. *Id.* (emphasis added). Warden Williams signed this report. *Id.* Dr. Brooks also testified that it was against IDOC policy to perform root canals on molars. R. 81-4 at 6 (19:18–20:1, 17-22); 16 (60:11-14); 17 (65:8-11).

**Analysis**

## I. Personal Involvement

McDowell seeks damages in compensation "for the pain arising from the intentional unavailability of appropriate medical treatment," i.e., a root canal. R. 26 at 7. "A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008) (quoting *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003)). A plaintiff's allegations against a prison official can only satisfy "the personal responsibility requirement of Section 1983 if the conduct causing the constitutional deprivation occurs at [the official's] direction or with his knowledge and consent." *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011). "That is, [the official] must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Id.* Thus, although a prison official is "entitled to relegate to the prison's medical staff the provision of good medical care," *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009), "nonmedical officials can be chargeable with . . . deliberate indifference where they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Arnett*, 658 F.3d at 755.

McDowell has not presented any evidence that Director Godinez or Dr. Shicker were personally involved in his treatment. With respect to Director

4

Godinez, McDowell argues only that he "is expected to know and understand the policies and procedures of the IDOC because he is the ultimate decision maker when it comes to the grievance process." R. 79 at 9. Similarly, McDowell argues that Dr. Shicker "effectively endorsed the policy by failing to permit the treating dentist to consider whether even an endodontic examination was appropriate." *Id.* To the extent Director Godinez and Dr. Shicker were, or should have been, aware of a policy against performing root canals on molars, there is no evidence that they had any knowledge of this policy's application to McDowell. Both of them are IDOC officials and do not work at Stateville. Since there is no evidence supporting an inference that Director Godinez or Dr. Shicker had any personal involvement in McDowell's treatment, they must be dismissed from the case.

McDowell argues that there is evidence of personal involvement on the part of Warden Hardy and Warden Williams in the grievance process. Mere receipt of grievances from a prisoner is insufficient to establish that a prison warden was personally involved in any deficient medical care provided to the prisoner. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); *Neely v. Randle*, 2013 WL 3321451, at *3 (N.D. Ill. June 29, 2013) ("If there is 'no personal involvement by the warden [in an inmate's medical care] outside the grievance process,' that is insufficient to state a

claim against the warden." (quoting *Gevas v. Mitchell*, 492 Fed. App'x 654, 660 (7th Cir. 2012))). However, written notice to prison administrators may form the basis of a deliberate indifference claim, if the plaintiff can "demonstrate that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to an excessive risk to inmate health or safety." *Arnett*, 658 F.3d at 755.

There is no evidence that Warden Hardy actually reviewed McDowell's grievances. But even if he did, those grievances were submitted prior to McDowell receiving any extraction diagnosis. The record shows that McDowell was first advised to have tooth #14 extracted on November 20, 2012, whereas the grievances and letters Warden Hardy purportedly reviewed were submitted in March 2012. There is no evidence that Warden Hardy was ever aware that McDowell sought a root canal. Consequently, Warden Hardy cannot have had personal involvement in the decision to deny McDowell's request. Thus, McDowell's claims against Warden Hardy must be dismissed.

By contrast, Warden Williams signed the grievance officer's report stating that an IDOC policy existed prohibiting a root canal on McDowell's molars. This is sufficient evidence for a jury to find that Warden Williams knew that McDowell was unable to receive a root canal due to IDOC policy. It is also reasonable to draw the inference that Warden Williams had the authority to authorize exceptions to that policy or seek its revision. Warden Williams's signature on the grievance officer's

report is sufficient evidence to demonstrate a material question of fact regarding his involvement in McDowell's treatment.

## II.    Deliberate Indifference

Both McDowell's remaining personal capacity claim against Warden Williams, and McDowell's official capacity claim (which can only be brought against the current warden of the facility where he is incarcerated),[1] contend that a policy against providing root canals for molars violates the Eighth Amendment. "Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display deliberate indifference to serious medical needs of prisoners." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). To establish a deliberate indifference claim under this standard, a plaintiff must show (1) that the plaintiff suffered an objectively serious risk of harm, and (2) that the defendant acted with a subjectively culpable state of mind in acting or failing to act in disregard of that risk. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). Nevertheless,

_____

[1] State officials acting in their official capacities are immune to claims for damages under Section 1983. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officers sued for *damages* in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them.") (emphasis added). The only relief available to McDowell against Defendants in their official capacities is injunctive relief. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State."). McDowell seeks such relief in the form of an exam by an endodontist. *See* R. 26 at 6-7. A suit seeking this type of relief is best directed against the warden who has custody of McDowell and who "would be responsible for ensuring that any injunctive relief is carried out." *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Stateville's current warden is Randy Pfister. Thus, the Clerk of Court is directed to add Randy Pfister in his official capacity as a defendant. *See id.* ("we substitute [the] current warden . . . as defendant").

the "Constitution is not a medical code that mandates specific medical treatment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). And "evidence that another doctor would have followed a different course of treatment is insufficient to sustain a deliberate indifference claim." *Burton v. Downey*, 805 F.3d 776, 786 (7th Cir. 2015). Rather, "medical professionals . . . are entitled to deference in treatment decisions *unless* no minimally competent medical professional would have so responded under the circumstances at issue." *McGee v. Adams*, 721 F.3d 474, 481 (7th Cir. 2013) (emphasis added). In other words, "[w]hen a medical professional acts in his professional capacity, he may be held to have displayed deliberate indifference only if the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.*

The Court sympathizes with McDowell's argument that "extraction of a body part is an extreme remedy," R. 79 at 5, which might be thought to serve as an objective limit on the deference the Court must give to the treatment decisions of medical professionals. Unfortunately for McDowell, however, the Seventh Circuit has already spoken on policies like the one at issue here, and held that they do not violate the Eighth Amendment. *See Mathews v. Raemisch*, 513 Fed. App'x 605, 607 (7th Cir. 2013) ("The district court correctly found that the prison is offering [the plaintiff-inmate] an extraction procedure and that this dispute is over nothing but the choice of one routine medical procedure versus another. That is not enough to prove an Eighth Amendment claim of deliberate indifference."); *see also McGowan*

*v. Hulick*, 612 F.3d 636, 641 (7th Cir. 2010) ("[The plaintiff's] complaint focuses only on [the defendant's] decision to extract the tooth rather than to fill it . . . . [I]n the end, this dispute is over nothing but the choice of one routine medical procedure versus another, and that is not enough to state an Eighth Amendment claim."). And other district courts have reached the same conclusion. *See Powell v. Marlais*, 2016 WL 5462443, at *13 (N.D. Cal. Sept. 29, 2016) ("In determining whether [the defendant] provided unconstitutional medical care when he proposed extracting tooth 23 and refused to authorize root canal treatment, the dispositive question is whether the proposed treatment was medically unacceptable, and not whether there were alternative acceptable medical treatments available."); *Ciaprazi v. Jacobson*, 2016 WL 4619267, at *4 (S.D.N.Y. Sept. 6, 2016) ("But even if [the plaintiff's] teeth could have been treated with root-canal therapy, it would not violate the Eighth Amendment for [the New York State Department of Corrections] to offer him only extraction. As noted by [the expert witness], many states and localities have policies of offering extraction and not root canals. And many of those policies—a number of which are even more restrictive than New York's—have been held to satisfy the Eighth Amendment.") (citing cases). McDowell fails to address the Seventh Circuit case law on this issue, but its reasoning is binding on this Court. Therefore, Defendants are entitled to summary judgment.

## Conclusion

For the foregoing reasons, Defendants' motion for summary judgment, R. 72, is granted.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: January 23, 2017